**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

        **CHAPTER 13 PLAN**      Docket #**05-10805**

DEBTORS:  (H)  **RICHARD BERLO**      SS# **xxx-xx-2651**
            (W)                                    SS#

TERM OF THE PLAN: **36** Months (If the Plan is longer than thirty-six (36) months, a statement of cause under 11 USC sec. 1322(d) must be attached hereto.)

PLAN PAYMENT: Debtor(s) to pay monthly:                 $ **371.00**

I. SECURED CLAIMS

    A) CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

| Creditor | Description of claim (pre-petition arrears, purchase money, etc.) | Amount of claim |
|---|---|---|
| **Option One** | **pre-petition mortgage arrears** | $**10,000.00** |
| | | $ |
| Total of secured claims to be paid through the Plan | | $ 1**0,000.00** |

    B) CLAIMS TO BE PAID DIRECTLY TO CREDITORS (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Option One** | **post-petition mortgage** |

                                              Page 1

II. <u>PRIORITY CLAIMS</u>

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | |

Total of priority claims to be paid through plan:   $ **0**

III. <u>ADMINISTRATIVE CLAIMS</u>

    A)  Attorneys fees (to be paid through the Plan):   $ **2,000.00**

    B)  Miscellaneous fees:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| | | $ |

    C)   The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the plan payment set forth, utilizes a 10% Trustee's commission. In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

IV. <u>UNSECURED CLAIMS</u>

The regular unsecured creditors shall receive a dividend of  **0** % of their claims.

    A) General unsecured claims:   $**0**

    B) Undersecured claims arising after lien avoidance/cramdown:   $ **0**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | |

    Total of A + B general unsecured claims:   $0

    C) Multiply total by percentage of dividend:   $0

    (Example: Total of $38,500.00 x .22 dividend = $8,470.00)

D) Separately classified claims (co-borrower/student loan, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total amount of separately classified claims payable at _____%:  $_____

V. <u>OTHER PROVISIONS</u>

    A.    Liquidation of assets to be used to fund plan:
        _____

    B.    Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

_____
_____
_____
_____
_____
_____
_____
_____

    C.    Miscellaneous Provisions:
_____
_____
_____
_____

Page 3

VI. CALCULATION OF PLAN PAYMENT

a) Secured claims (Section I-A Total): **$10,000.00**

b) Priority claims (Section II Total): **$0**

c) Administrative claims (Section III - A&B Total): **$2,000.00**

d) General unsecured claims (Section IV-C Total): **$0**

e) Separately classified unsecured claims (Section IV-D Total): **$0**

f) Total of (a) through (e) above: **$12,000.00**

g) Divide (f) by .90 for total including Trustee's fee:
Cost of Plan **$13,333.00**
(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g) Cost of Plan by Term of Plan    **36**    months

i) Round up to nearest dollar:    Monthly Plan Payment    **$371.00**
(Enter this amount on page 1)

Pursuant to 11 USC 1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.

## LIQUIDATION ANALYSIS

I. Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **Forest Hill St. Jamaica Plain** | **$430,000.00** | **$402,000.00** |

Total Net Equity for Real Property:    **$28,000.00 (Debtor's ½ interest $14,000.00)**

Less Total Exemptions (Schedule C): **$28,000.00**    Available Chapter 7    **$0**

Page 4

II. Automobile (Describe year, make, model):

_____ Value$ _____ Lien$ _____ Exemption$ _____

_____ Value$ _____ Lien$ _____ Exemption$ _____

_____ Value$ _____ Lien$ _____ Exemption$ _____

Net Value of Equity: $_____ _ Less Exemptions (Schedule C) $ _____

III. All other Assets: (All remaining items on Schedule B): (Itemize as necessary)

Value: $ **2,450.00** Less Exemptions (Schedule C):$ **2,450.00**

                               Avail. Ch 7: $ **0**

SUMMARY  (Total amount available under Chapter 7):

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions: $ **0**

Additional Comments regarding Liquidation Analysis:

_____
_____

Pursuant to the Chapter 13 rules, the debtor or his counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors & interested parties, and to file a Certificate of Service accordingly.

**/s/ Bill N. Jacob, Esq.**
Debtor's Counsel      Bill N. Jacob, Esq.                              Dated:  March 14, 2005

Counsel's Address:  P.O. BOX 990055
                                 Boston, MA 02199            Tel.# (617) 523-8484

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

**/s/ Richard Berlo**
Debtor **Richard Berlo**                                             Dated:  **March 14, 2005**